UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD LEE COLVIN, JR., | No. C 14-5400 NC (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| SAN FRANCISCO SHERIFF'S DEPARTMENT, | |
| Defendant. | |

Plaintiff Leonard Lee Colvin, Jr., a California state pretrial detainee proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed *in forma pauperis* in a separate order. For the reasons stated below, the complaint is dismissed with leave to amend.

**DISCUSSION**

**I.   Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed. *Balistreri v.*

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.* Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Id.* at 634.

## II. Factual Background

According to the complaint, in February or March 2014, Plaintiff was housed at the

2

San Francisco County jail. Sergeant Sanchez accused Plaintiff of giving out Deputy Myres' phone number to Plaintiff's cellmate, and stated that Deputy Myres was receiving prank calls. According to Plaintiff, Sergeant Sanchez threatened Plaintiff with physical harm if Plaintiff continued to harass Deputy Myres. Plaintiff also alleges that on March 3, 2014, Sergeant Sanchez attempted to provoke Plaintiff into a physical altercation by calling Plaintiff derogatory names and spitting in Plaintiff's face.

### III.   Legal Claims

As the complaint currently reads, Plaintiff does not state a claim for relief. However, district courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

First, Plaintiff names as the defendant the San Francisco Sheriff's Department. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997). To impose municipal liability under Section 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff has not done so. At most, Plaintiff appears to name the Sheriff's Department because it is the employer of Sergeant Sanchez and other officers named within the complaint. Thus, the San Francisco Sheriff's Department is DISMISSED with leave to amend if Plaintiff believes he can state a claim against it in good faith.

Second, Plaintiff has not alleged that individual defendants are liable for any constitutional violation. Liability may be imposed on an individual defendant under 42

3

1 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and 2 proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of* 3 *Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013). Although the federal 4 rules require brevity in pleading, a complaint must be sufficient to give the defendants "fair 5 notice" of the claim and the "grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 6 93 (2007) (citations omitted). Either personal involvement or integral participation of the 7 officers in the alleged constitutional violation is required before liability may be imposed; 8 liability may not be imposed based solely on an officer's presence during an incident. *See* 9 *Hopkins v. Bonvicino*, 573 F.3d 752, 769-70 (9th Cir. 2009). Here, although Plaintiff names 10 individual defendants in the body of his complaint, Plaintiff does not link these defendants to 11 an allegation that they caused the deprivation of a federally protected right.

12 Third, even liberally construed, Plaintiff does not allege a federal question. To state a 13 claim arising under federal law, it must be clear from the face of the complaint that there is a 14 federal question. *See Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 15 1997). The mere reference to a federal statute in a pleading will not convert a state law claim 16 into a federal cause of action if the federal statute is not a necessary element of the state law 17 claim and no preemption exists. *See id.* (state law claims which include incidental references 18 to federal statute and U.S. Constitution and seek remedies founded exclusively on state law 19 improperly removed to federal court). Here, however, Plaintiff does not allege that a 20 federally protected right was violated.

21 Finally, Plaintiff is cautioned that he must have exhausted his administrative remedies 22 before filing suit in federal court. The Prison Litigation Reform Act of 1995 amended 42 23 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions 24 under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, 25 or other correctional facility until such administrative remedies as are available are 26 exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the 27 discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v.* 28 *Churner*, 532 U.S. 731, 739 (2001)). An action must be dismissed unless the prisoner

4

1 exhausted his available administrative remedies before he or she filed suit, even if the
2 prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199
3 (9th Cir. 2002). From the face of Plaintiff's complaint, it does not appear that Plaintiff has
4 exhausted his administrative remedies.

The court notes that Plaintiff has provided portions of copies of administrative grievances. However, the court will not read through exhibits to piece together a claim for a plaintiff who has not pled one. It is Plaintiff's obligation to write out a complete statement of his claim in his amended complaint if he can do so in good faith. In his amended complaint, Plaintiff must allege specific facts showing what defendants did or failed to do that amounted to a constitutional or federal violation.

## CONCLUSION

1. The complaint is DISMISSED with leave to amend. If Plaintiff believes he can cure the above-mentioned deficiencies in good faith, he must file an amended complaint within **twenty-eight days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 14-5400 NC (PR)) and the words AMENDED COMPLAINT on the first page. **Failure to file an amended complaint within twenty-eight days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.** The Clerk of the Court is directed to send Plaintiff a blank civil rights form along with his copy of this order.

2. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: April 8, 2015

NATHANAEL M. COUSINS
United States Magistrate Judge