UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD LEE COLVIN, JR.,<br><br>    Plaintiff,<br><br>      v.<br><br>SAN FRANCISCO SHERIFF'S DEPARTMENT, et al.,<br><br>    Defendants. | No. C 14-5400 NC (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION** |

Plaintiff Leonard Lee Colvin, Jr., a California state pretrial detainee proceeding *pro se*, filed an amended civil rights complaint. For the reasons stated below, the Court orders service upon named Defendants and directs Defendants to file a dispositive motion or notice regarding such motion.

**DISCUSSION**

**I.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v.*

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.  Legal Claims

According to the amended complaint, on February 21, 2014, and March 3, 2014, Plaintiff was housed at the San Francisco County jail. Defendants Sgt. Sanchez and Deputy Nue put Plaintiff's name on a list of people who needed to be transferred to another facility in order to attend court. However, Plaintiff did not have court on those days, and the San Francisco Sheriff's Department has no policy to ensure that the list of people for transfer is official. As a result of being placed on this list, Plaintiff was taken to the jail where Sgt. Sanchez and Deputy Nue worked. They physically intimidated Plaintiff, handcuffing him without reason, and forced him to kneel while twisting Plaintiff's wrists. They also threatened Plaintiff with a physical beating, spit on him, and generally manhandled him. Plaintiff alleges that they did so because Plaintiff had been married to their co-worker, Deputy Myres, and the intimidation was to prevent Plaintiff from talking about Deputy Myres' unspecified involvement in Plaintiff's criminal case. Plaintiff believes that Deputy Myres knew Sgt. Sanchez and Deputy Nue would intimidate Plaintiff and, in fact, encouraged them to do so.

Liberally construed, Plaintiff has stated a cognizable claim against Sgt. Sanchez, Deputy Nue, and Deputy Myres for retaliation, cruel and unusual punishment, and a violation of his right to free speech.

However, the Court dismisses the San Francisco Sheriff's Department for failure to state a claim. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the

2

moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Although Plaintiff alleges that the San Francisco Sheriff's Department lacked a policy safeguarding inmates from being transported to another jail for official purposes, random acts or isolated incidents of unconstitutional action by a non-policymaking employee are insufficient to establish the existence of a municipal policy or custom. *See Rivera v. County of Los Angeles*, 745 F.3d 384, 398 (9th Cir. 2014). A plaintiff may prove the existence of a custom or informal policy with evidence of repeated constitutional violations for which the errant municipal officials were not discharged or reprimanded. *See Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992). Here, Plaintiff has not alleged that this lack of policy resulted in any other similar incidents with other inmates. Thus, the San Francisco Sheriff's Department is DISMISSED. Because Plaintiff has already had an opportunity to state a cognizable claim against it, the dismissal is without leave to amend.

## CONCLUSION

1. The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto, a magistrate judge consent form, and a copy of this order to **Sgt. Sanchez, Deputy Nue, and Deputy Myres** at the San Francisco Sheriff's Department. The clerk of the court shall also mail a courtesy copy of the complaint and a copy of this order to the **City Attorney's Office, Litigation, Fox Plaza, 1390 Market Street, 6th Floor, San Francisco, CA 94102-5408**. Additionally, the clerk shall mail a copy of this order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants

had been served on the date that the waiver is filed, and Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

      3. No later than **sixty (60) days** from the date the waivers are sent from the court, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim in the complaint. **At that time, Defendants shall also file the magistrate judge consent form.**

      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

      4. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

      5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

      6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

4

1       7. All communications by the Plaintiff with the court must be served on
2 Defendants or Defendants' counsel, by mailing a true copy of the document to Defendants or
3 Defendants' counsel.

4       8. Discovery may be taken in accordance with the Federal Rules of Civil
5 Procedure. No further court order is required before the parties may conduct discovery.

6       9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the
7 court and all parties informed of any change of address and must comply with the court's
8 orders in a timely fashion. Failure to do so may result in the dismissal of this action for
9 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10       IT IS SO ORDERED.

11 DATED: ; 1614237

12       NATHANAEL M. COUSINS
      United States Magistrate Judge

18 P:\PRO-SE\NC\CR 2014\Colvin 14-5400 srv.wpd

5