DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Deputy
JAMES F. HANNAWALT, State Bar #139567
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3913
Facsimile:    (415) 554-3837
E-Mail:       james.hannawalt@sfcityatty.org

Attorneys for Defendants
VICTOR SANCHEZ, SCOTT NEU,
and APRIL MYRES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD LEE COLVIN, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>SAN FRANCISCO SHERIFF'S DEPARTMENT, et al.,<br><br>Defendants. | Case No. C14-5400 CRB (PR)<br><br>**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES** |

# MOTION FOR SUMMARY JUDGMENT

**PLEASE TAKE NOTICE** that on a date to be determined by the Court upon completion of the briefing, or such later time as the Court may order, Defendant April Myres will and hereby does move the Court for summary judgment under Federal Rule of Civil Procedure 56 on claims for relief against April Myres contained in the Second Amended Complaint in this action. Defendants base this motion on the following grounds:

1. Plaintiff fails to demonstrate a triable issue of material fact that April Myres violated Plaintiff's constitutional rights.

Defendants base their motion on this notice of motion and motion, the memorandum of points and authorities in support thereof, the declarations, papers and other evidence submitted herewith, and such argument as may be heard.

Dated: October 26, 2018

        DENNIS J. HERRERA  
        City Attorney  
        CHERYL ADAMS  
        Chief Trial Deputy  
        JAMES F. HANNAWALT  
        Deputy City Attorneys

        By: */s/ James F. Hannawalt*  
            JAMES F. HANNAWALT

        Attorneys for Defendants  
        VICTOR SANCHEZ, SCOTT NEU,  
        and APRIL MYRES

## MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

ARGUMENT ........................................................................................................................1

    I.    SUMMARY JUDGMENT STANDARD..............................................................1

    II.   FACTS ..................................................................................................2

    III.  AUTHORITY ........................................................................................3

CONCLUSION.....................................................................................................................3

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-50 ...............................................................1

*Avalos v. Baca*, 517 F. Supp. 2d 1156 ............................................................................................3

*Barren*, 152 F.3d at 1194 .................................................................................................................3

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 ...................................................................................2

*Liberty Lobby*, 477 U.S. ..............................................................................................................1, 2

*Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 .....................................................................2

*S.A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines) v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 ..........................................................................................................2

*Scott v. Harris*, 550 U.S. 372, 378 ..................................................................................................2

*Shallowhorn v. Molina*, 572 Fed. Appx. 545, 546 .........................................................................3

**Statutes**

42 U.S.C.A. § 1983 ...........................................................................................................................3

Fed. R. Civ. P. 56(c) ..........................................................................................................................1

Fed. R. Civ. P. 56(e) ..........................................................................................................................2

## INTRODUCTION

Plaintiff Leonard Colvin's Second Amended Complaint [Hannawalt Decl. Exh A, Second Amended Complaint, hereafter "SAC"] alleges that on February 21, 2014, Defendants Sanchez and Neu violated Plaintiff's constitutional rights as a pre-trial detainee at the San Francisco County Jail by having Plaintiff transferred from one jail facility to another for the purpose of threatening and physically abusing him.  Further, Defendant alleges that Defendants Sanchez and Neu were acting at the direction of Deputy Myres who was motivated by jealousy. [SAC]  In addition, Plaintiff alleges that on March 3, 2014, Defendant Sanchez threatened and physically abused him in retaliation for the grievance Plaintiff filed related to the alleged events on February 21, 2014. [SAC]

Defendants dispute the factual allegations of both the SAC regarding the contact between Plaintiff and Defendants on February 21, 2014 and March 3, 2014, and Plaintiff's testimony taken on August 6, 2018 about those events.  Therefore, summary judgment is not in order as to Defendants Sanchez and Neu.  However, at Plaintiff's August 6, 2018, deposition, he admitted that he had no evidence that Deputy Myres directed or requested that the co-defendants to transport, threaten, or abuse Plaintiff.  Defendant Sanchez provides evidence that Deputy Myres had no involvement in Defendant Sanchez's interactions with Plaintiff on February 21, 2014 and March 3, 2014. [Sanchez Decl. in support of Motion for Summary Judgment, ¶ 2]  Therefore, Defendants bring the present Motion for Partial Summary Judgment in which Defendant Myres seeks and order of summary judgment in her favor.

## ARGUMENT

### I.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) .  In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-50 (1986).  Material facts are those that may affect the outcome of the case, and a genuine issue of

1  material fact exists where there is sufficient evidence for a reasonable fact finder to find for the
2  nonmoving party. *Id.* at 248.

3  On summary judgment, the moving party has the burden of pointing out any "absence of
4  evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
5  Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings
6  and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue
7  for trial." Fed. R. Civ. P. 56(e). A dispute regarding a material fact is genuine only "if the evidence is
8  such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S.
9  at 248. If the evidence in opposition to the motion is merely colorable, or is not sufficiently probative,
10 summary judgment may be granted. *See Id.* at 249-50. In evaluating the parties' summary judgment
11 submissions, the court draws all reasonable factual inferences in favor of the non-movant. *Scott v.*
12 *Harris*, 550 U.S. 372, 378 (2007). However, "mere allegation and speculation do not create a factual
13 dispute for purposes of summary judgment." *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th
14 Cir. 1996). Further, "a party cannot manufacture a genuine issue of material fact merely by making
15 assertions in its legal memoranda." *S.A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines) v.*
16 *Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1982).

17 **II.     FACTS**

18 On February 24, 2014, Plaintiff was a pretrial detainee at the San Francisco County jail, housed
19 at San Francisco County Jail 5 ("CJ-5") located in San Bruno, California. At that time, San Francisco
20 Sheriff Department ("SFSD") Sergeant Sanchez and Deputy Neu worked in San Francisco County Jail
21 4 ("CJ-4") located in San Francisco, California. Sergeant Sanchez learned that Deputy Myres had
22 received harassing telephone calls from Plaintiff and/or his cellmate in CJ-5, and Sergeant Sanchez
23 reported this information through the SFSD chain of command at CJ-4 where he worked with Deputy
24 Myres. [Declaration of Victor Sanchez, ¶ 2] Deputy Myres did not direct Sergeant Sanchez to
25 transport Plaintiff or take any action in relation to Mr. Colvin at any time. [Declaration of Victor
26 Sanchez, ¶ 2]

27
28

Plaintiff was transported from CJ-5 to CJ-4 on February 21, 2014, where he met with Sergeant Sanchez and Deputy Neu.  What happened in the meeting is disputed.  Plaintiff alleges he was threatened and punched. [SAC]  Defendants Sanchez and Neu contend that Plaintiff was questioned and admonished about violating court orders by contacting Deputy Myres.  Therefore, summary judgment is not in order as to Defendants Sanchez and Neu.  However, summary judgment is in order as to Defendant Myres because there is no evidence of her involvement in Plaintiff's alleged constitutional violations.

### III.   AUTHORITY

Individual liability under § 1983 arises only upon a showing of personal participation by the defendant. 42 U.S.C.A. § 1983, *Avalos v. Baca*, 517 F. Supp. 2d 1156 (C.D. Cal. 2007), aff'd, 596 F.3d 583 (9th Cir. 2010).  Here, there is no evidence to support a jury finding any personal participation by Deputy Myres in Plaintiff's alleged constitutional deprivation. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under [Section] 1983 must be based on the personal involvement of the defendant." *Barren*, 152 F.3d at 1194; see *Shallowhorn v. Molina*, 572 Fed. Appx. 545, 546 (9th Cir. 2014) ("The district court properly dismissed [plaintiff's] claims against [defendant] because [plaintiff] failed to allege [defendant's] personal involvement with any constitutional violation.").

Here, Plaintiff admits that he has no evidence that Deputy Myres directed the co-defendants to transport, threaten, or abuse Plaintiff, and that his allegations are based solely on his assumptions and beliefs. [Hannawalt Decl., Exh B, 98:13-17, 101:25-102:24]  In addition, Defendant Sanchez provides evidence that Deputy Myres had no involvement in Defendant Sanchez's interactions with Plaintiff on February 21, 2014 and March 3, 2014. [Sanchez Decl. in support of Motion for Summary Judgment, ¶ 2]

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion for Partial Summary Judgment and enter judgment in favor of Defendant April Myres on Plaintiff's Second Amended Complaint.

Dated: October 26, 2018

                                DENNIS J. HERRERA
                                City Attorney
                                CHERYL ADAMS
                                Chief Trial Deputy
                                JAMES F. HANNAWALT
                                Deputy City Attorney

                          By: */s/ James F. Hannawalt*
                              JAMES F. HANNAWALT

                              Attorneys for Defendants
                              VICTOR SANCHEZ, SCOTT NEU,
                              AND APRIL MYRES

# PROOF OF SERVICE

I, NORMAN MADDEN, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On October 26, 2018, I served the following documents:

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES**

on the following persons at the locations specified:

**Leonard Colvin - BF 7059**
**San Quentin State Prison**
**San Quentin, CA  94964**
*Updated 4/2/18*

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed October 26, 2018, at San Francisco, California.

_____
NORMAN MADDEN