DENNIS J. HERRERA, State Bar #139669
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
JAMES F. HANNAWALT, State Bar #139567
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3913
Facsimile:      (415) 554-3837
E-Mail:          james.hannawalt@sfcityatty.org

Attorneys for Defendants
VICTOR SANCHEZ, SCOTT NEU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| LEONARD LEE COLVIN, JR., | Case No. CV-14-5400 LB |
|---|---|
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT** |
| vs. | Hearing Date:  March 5, 2020<br>Time:           9:30 a.m.<br>Place:          Courtroom B, 15th Floor |
| SAN FRANCISCO SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | Trial Date:    May 18, 2020 |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................ ii
INTRODUCTION .........................................................................................................1
FACTS ..........................................................................................................................2
SUMMARY JUDGMENT STANDARD .......................................................................3
ARGUMENT ..................................................................................................................4
A. Defendant Sanchez Is Entitled To Summary Judgment In His Favor. ........4
1. Plaintiff’s Fourteenth Amendment Claim Against Defendant Sanchez Fails. ......................................................................................4
2. Plaintiff’s First Amendment Claim Against Defendant Sanchez Fails. ...........................................................................................................4
B. Plaintiff Is Not Entitled To Damages For Mental Or Emotional Distress From Defendant Neu Because Plaintiff Suffered No Physical Injury. ........5
C. Plaintiff’s Claim For Injunctive Relief Is Moot. ..........................................6
CONCLUSION ..............................................................................................................8

Defs’ Ntc of Mtn and MSJ
CASE NO. C14-5400 LB
i
n:\lit\li2018\160284\01424037.docx

# TABLE OF AUTHORITIES

**Federal Cases**

*Alvarez v. Hill*
   667 F.3d 1061 (9th Cir.2012) ...........................................................................................7

*Anderson v. Liberty Lobby, Inc.*
   477 U.S. 242 (1986) .........................................................................................................3

*Arizonans for Official English v. Arizona*
   520 U.S. 43 (1997) ...........................................................................................................7

*Celotex Corp. v. Catrett*
   477 U.S. 317 (1986) .........................................................................................................3

*City of Los Angeles v. Lyons*
   461 U.S. 95 (1983 ............................................................................................................7

*Dilley v. Gunn*
   64 F.3d 1365 (9th Cir.1995) .............................................................................................7

*Gaut v. Sunn*
   810 F.2d 923 (9th Cir.1987) .............................................................................................4

*Gest v. Bradbury*
   443 F.3d 1177 (9th Cir.2006) ...........................................................................................6

*Incumaa v. Ozmint*
   507 F.3d 281 (4th Cir.2007) .............................................................................................7

*Leasing Serv. Corp. v. Graham*
   646 F.Supp. 1410 (S.D.N.Y.1986) ...................................................................................4

*Mayfield v. United States*
   599 F.3d 964 (9th Cir.2010) .............................................................................................6

*Minifield v. Butikofer*
   N.D.Cal.2004, 298 F.Supp.2d 900 ...................................................................................6

*Nelson v. Pima Cmty. Coll.*
   83 F.3d 1075 (9th Cir. 1996) ............................................................................................4

*Oliver v. Keller*
   289 F.3d 623 (9th Cir. 2002) .......................................................................................5, 6

*O'Shea v. Littleton*
   414 U.S. 488 (1974) .........................................................................................................6

*Reynolds v. S & D Foods, Inc.*
   (D. Kan. 1993) 822 F.Supp. 705 ......................................................................................4

*Rhodes v. Robinson*
    408 F.3d 559 (9th Cir.2005) ...................................................................................5

*S.A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines) v. Walter Kidde & Co., Inc.*
    690 F.2d 1235 (9th Cir. 1982) ................................................................................4

*Sanford v. MemberWorks, Inc.*
    625 F.3d 550 (9th Cir.2010) ...................................................................................7

*Scott v. Harris*
    550 U.S. 372 (2007) ................................................................................................4

*Siglar v. Hightower*
    112 F.3d 191 (5th Cir.1997) ...................................................................................5

**Federal Statutes**
Fed.R.Civ.P.
    § 56(d) ......................................................................................................................4

**Other Authorities**
10A Wright & Miller, Federal Practice and Procedure
    § 2737 ......................................................................................................................4

# NOTICE OF MOTION FOR SUMMARY JUDGMENT

**PLEASE TAKE NOTICE** that that on March 5, 2020, at 9:30 a.m. in the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, 15th Floor, Courtroom B, San Francisco, California, Defendant VICTOR SANCHEZ will and hereby does move the Court for summary judgment on all of Plaintiff's claims under Federal Rule of Civil Procedure 56; and SCOTT NEU will and hereby does move the Court for partial summary judgment under Federal Rule of Civil Procedure 56 on plaintiff's claims for mental and/or emotional injury, as well as injunctive relief. Defendants base this motion on the following grounds: the undisputed facts are that Defendant Sanchez never physically struck or injured Plaintiff, Plaintiff suffered no physical injury as a result of the alleged "punch" by Defendant Neu, and Plaintiff is no longer in the custody of the City and County of San Francisco's Sheriff's Office. Therefore, Defendant Sanchez is entitled to summary judgment on Plaintiff's constitutional claims, and Defendant Neu is entitled to partial summary judgment pursuant to 42 USCA §1997e(4) on Plaintiff's claimed for damages for mental and emotional injury. Defendants Sanchez and Neu are also entitled to partial summary judgment on Plaintiff's claim for injunctive relief because Plaintiff is no longer in the custody of the City and County of San Francisco's Sheriff's Office.

Defendants base their motion on this notice of motion and motion, the memorandum of points and authorities in support thereof, the declarations, papers and other evidence submitted herewith, and such argument as may be heard.

## INTRODUCTION

Defendant Sanchez moves for summary judgment. Defendant Neu moves for partial summary judgment in favor of defendants on plaintiff's claim for mental or emotional compensatory damages, as well as plaintiff's claim for injunctive relief. Plaintiff Leonard Colvin's Second Amended Complaint [Hannawalt Decl. Ex. A, Second Amended Complaint (hereafter "SAC"), ECF No. 33.] alleges that on February 21, 2014, Defendants Sanchez and Neu violated Plaintiff's constitutional rights as a pre-trial detainee at the San Francisco County Jail by having Plaintiff transferred from one jail facility to another for the purpose of threatening and abusing him. In addition, Plaintiff alleges that on March 3, 2014, Defendant Sanchez threatened and physically abused him in retaliation for the

grievance Plaintiff made related to the alleged events on February 21, 2014. [SAC.]

Based on Plaintiff's testimony, the undisputed evidence is that Defendant Sanchez never hit or struck plaintiff on February 21, 2014, only threatened him.  Alleged threats by a jailer do not state a claim for a constitutional violation.  Further, based on Plaintiff's testimony, Defendant Sanchez never threatened or injured Plaintiff on March 3, 2014.  Therefore, Defendant Sanchez is entitled to summary judgment in his favor on both Plaintiff's Fourteenth and First Amendment claims.

The undisputed evidence is also that Plaintiff experienced no physical injury from the alleged punch or "body check" by Defendant Neu on February 21, 2014.  Because Plaintiff filed his lawsuit while a prisoner, the lawsuit is subject to provision of the Prison Litigation Reform Act (PLRA).  Under the PLRA, Plaintiff cannot recover damages for mental or emotional distress because, by his own repeated admissions, he suffered no physical injury from the incidents alleged in his complaint.  Therefore, Defendants are entitled to partial summary judgment in their favor on plaintiff's claims for damages based on mental and emotional distress.

Plaintiff cannot obtain the injunctive relief requested in paragraph 28 of the SAC.  The City and County of San Francisco is not a defendant.  Further, it is undisputed that plaintiff is no longer in the custody of the San Francisco Sheriff's Department.  Because the City and County of San Francisco is not a defendant, and because Plaintiff is no longer a prisoner in the custody of the San Francisco Sheriff's Department, Plaintiff's claim for injunctive relief is moot subject to partial summary judgment.

**FACTS**

On February 21, 2014, Plaintiff was a pretrial detainee at the San Francisco County jail, housed at San Francisco County Jail 5 ("CJ-5") located in San Bruno, California.  He alleges that he was transported from CJ-5 to San Francisco County Jail 4 ("CJ-4") for the purpose of being threatened and abused by Defendants. [Hannawalt Decl. Ex. A, Second Amended Complaint.]  It is undisputed that plaintiff was transported from CJ-5 to CJ-4 on February 21, 2014, where he met with Defendant Sanchez [Hannawalt Decl. Ex. B, Answer to Second Amended Complaint, ¶ 13, ECF No. 54.]  What happened in that meeting is disputed.  Plaintiff alleged he was threatened and punched. [Hannawalt Decl. Ex. A, Second Amended Complaint.]  In deposition, however, Plaintiff testified that he was

never punched or struck by Defendant Sanchez, and that when he was punched or "body checked" by Defendant Neu on February 21, 2014, Plaintiff experienced no physical injury. [Hannawalt Decl., Ex C, Deposition of Leonard Colvin, p. 103-105; Ex. D, Statement of Leonard Colvin, p. 5:21-6:6.] Plaintiff testified that on March 3, 2014, Defendant Sanchez did not strike him or cause him injury, and Plaintiff did not testify that Defendant Sanchez threatened him with physical violence on March 3, 2014. [Hannawalt decl., Exh C, Deposition of Leonard Colvin, 120: 19-121:20; Exh D, Statement of Leonard Colvin, p. 19:3-23:6]

Plaintiff Colvin filed the present lawsuit while incarcerated [ECF No. 1]  Plaintiff was transferred to San Quentin Prison in 2018 and is no longer in custody at the San Francisco County Jail. [Cauteruccio Decl.]

The City and County of San Francisco is not a party to this lawsuit.  The last day to add new parties or amend the pleadings was October 17, 2019 (ECF No. 60). Neither Defendant Sanchez nor Defendant Neu have policy-making authority within the San Francisco Sheriff's Department. [McConnell Decl., Durkan Decl.]

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) .  In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.

On summary judgment, the moving party has the burden of pointing out any "absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A dispute regarding a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the evidence in opposition to the motion is merely colorable, or is not sufficiently probative, summary judgment may be granted. *See Id.* at 249-50.  In evaluating the parties' summary judgment submissions, the court draws all reasonable factual inferences in favor of the non-movant. *Scott v.*

*Harris*, 550 U.S. 372, 378 (2007).  However, "mere allegation and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Cnty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996).  Further, "a party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda." *S.A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines) v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1982).

When ruling on a partial summary judgment motion, the district court may indicate the extent to which the amount of damages is not in controversy. *Leasing Serv. Corp. v. Graham*, 646 F.Supp. 1410, 1414 (S.D.N.Y.1986); 10A Wright & Miller, Federal Practice and Procedure, § 2737 at 454–55 (1983). Given concerns of judicial economy, Fed.R.Civ.P. 56(d) allows the court a pretrial adjudication on certain issues that are not proper for trial. *Reynolds v. S & D Foods, Inc*. (D. Kan. 1993) 822 F.Supp. 705, 706–707.

## ARGUMENT

### A. Defendant Sanchez Is Entitled To Summary Judgment In His Favor.

#### 1. Plaintiff's Fourteenth Amendment Claim Against Defendant Sanchez Fails.

Plaintiff testified that he was never punched by Defendant Sanchez on either February 21, 2014 or March 3, 2014. [Hannawalt Decl., Ex. C, Deposition of Leonard Colvin, p. 103-105; 121-122] Allegations of mere threats also are not cognizable under Section 1983. See *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir.1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result). Defendant Sanchez is entitled to summary judgment because, viewing the facts most favorably to Plaintiff, the conduct of Defendant Sanchez was not a violation of Plaintiff's constitutional rights.

#### 2. Plaintiff's First Amendment Claim Against Defendant Sanchez Fails.

Plaintiff alleges a First Amendment retaliation claim against Defendant Sanchez only. [Hannawalt Decl., Exh A, ¶20]  A prisoner First Amendment retaliation claim has five basic elements: (1) the prisoner engaged in protected conduct; (2) an assertion that a state actor took some adverse action[1] against an inmate; (3) the adverse action was "because of" the prisoner's protected conduct; (4)

---

[1] Threats of physical harm, while insufficient on their own to constitute a violation of the Eighth Amendment, may constitute an "adverse action" in the context of a First Amendment

Defs' Ntc of Mtn and MSJ
CASE NO. C14-5400 LB
4
n:\lit\li2018\160284\01424037.docx

the adverse action chilled the inmate's exercise of his First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson* ("Rhodes I"), 408 F.3d 559, 567–68 (9th Cir.2005).

In the present case, Plaintiff testified that on March 3, Defendant Sanchez did not strike him or cause him injury, and Plaintiff did not testify that Defendant Sanchez threatened him with physical violence on March 3, 2014. [Hannawalt decl., Exh C, Deposition of Leonard Colvin, 120: 19-121:20; Exh D, Statement of Leonard Colvin, p. 19:3-23:6]  The evidence viewed most favorably to plaintiff is that Defendant Sanchez tried to provoke a fight with Plaintiff on March 3, 2014. [Id.]  Therefore, the evidence does not support a finding of a retaliatory First Amendment claim.  Defendant Sanchez is entitled to summary judgment on this claim as well.

### B. Plaintiff Is Not Entitled To Damages For Mental Or Emotional Distress From Defendant Neu Because Plaintiff Suffered No Physical Injury.

Plaintiff's SAC alleges that he was threatened and punched by Defendants.  [Hannawalt Decl. Ex. A, Second Amended Complaint, ¶¶ 13, 15]  The undisputed evidence is that only Defendant Neu "punched" or "body checked" Plaintiff. [Hannawalt Decl., Ex. C, Deposition of Leonard Colvin, p. 103-105; Ex. D, Statement of Leonard Colvin, p. 5:23-6:6]

The Prison Litigation Reform Act (PLRA) requires that a prisoner asserting a mental or emotional injury as result of conditions of confinement is required to show a prior physical injury, which requires that the prisoner establish more than a de minimis injury, but less than a significant injury. *Oliver v. Kelle*r, 289 F.3d 623, 627-629 (9th Cir. 2002).

In *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997), a prisoner filed a Section 1983 claim against Texas prison officials after guards bruised his ear during a search. *Id*. at 192. The prisoner's ear remained bruised and sore for three days. The prisoner did not seek or receive medical treatment, nor did he allege that he had suffered any long-term physical injuries.  The court dismissed the prisoner's claim, stating "In the absence of any definition of 'physical injury' in [Section 1997e(e) ], we hold that the well-established Eighth Amendment standards guide our analysis in determining

---

retaliation claim. *Watson v. Carter*, 668 F.3d 1108, 1115–16 (9th Cir.2012) (finding defendant officer's threat to hit plaintiff in the mouth was an "adverse action").

whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering. That is, the injury must be more than de minimus [sic], but need not be significant." *Id.* at 193.  The 9th Circuit has ruled that the requisite physical injury must be more than de minimis for purposes of § 1997e(e).  The physical injury necessary for a prisoner to bring a federal civil action need not be significant, but it must be more than de minimis, and must be sufficiently distinct from any emotional distress. *Oliver v. Keller*, 289 F.3d 623, 627-629 (9th Cir. 2002); *Minifield v. Butikofer*, N.D.Cal.2004, 298 F.Supp.2d 900.

In the present case, Plaintiff testified that when he was punched on February 21, 2014, it was a "body check" by Deputy Neu only that left no mark or bruise, that it did not really hurt, and that he did not require any medical assistance. [Hannawalt decl., Ex. C, Deposition of Leonard Colvin, p. 103-105; Ex. D, Statement of Leonard Colvin, p. 5:23-6:6]  Plaintiff also testified that he was not punched on March 3, 2014. [Hannawalt decl., Ex. C, Deposition of Leonard Colvin, p. 120-122].  The evidence is therefore undisputed that Defendant Sanchez caused plaintiff no physical injury and that Defendant Neu at most caused only de minimis injury.  Therefore, under the PLRA, Plaintiff cannot recover damages for emotional or mental distress, and Defendants are entitled to partial summary judgment in their favor on this issue.

### C. Plaintiff's Claim For Injunctive Relief Is Moot.

Plaintiff no longer has standing to pursue his claims for injunctive relief because he is no longer in custody at the San Francisco County Jail.  There is insufficient likelihood that Plaintiff will again be injured by Defendants' allegedly unconstitutional conduct.  Where a plaintiff seeks injunctive relief, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy ... if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974). Rather, a plaintiff "must demonstrate that [he is] realistically threatened by a repetition of the violation" at issue. *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir.2006) (quotation marks and citations omitted, emphasis in original).  For injunctive relief, a plaintiff must demonstrate "he faces imminent injury on account of the defendant's conduct." *Mayfield v. United States,* 599 F.3d 964, 970 (9th Cir.2010).  After "a plaintiff has been wronged, he is entitled to injunctive relief only if he can show that he faces a 'real or immediate threat ... that he will again be wronged in a similar way.' " *Id*.

Defs' Ntc of Mtn and MSJ
CASE NO. C14-5400 LB
6
n:\lit\li2018\160284\01424037.docx

(quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). " 'The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence.' " *Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir.2007)(quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n. 2 (1997))(ellipses in original). See also *Sanford v. MemberWorks, Inc.,* 625 F.3d 550, 556 (9th Cir.2010).

"'An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action.' " *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir.2012)(quoting *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir.1995)). "The reason is that the released inmate is no longer subject to the prison conditions or policies he challenges." *Alvarez*, 667 F.3d at 1064. Any prospective relief sought must have a "practical impact on the inmate's rights" and redress the injury originally asserted. *Incumaa,* 507 F.3d at 287. See also *Alvarez*, 667 F.3d at 1064.

In addition, Plaintiff cannot obtain injunctive relief because the City and County of San Francisco is not a party, and Plaintiff cannot obtain the injunctive relief sought from Defendants Sanchez or Neu.  The SAC identifies Defendants Sanchez and Neu as employees of the San Francisco Sheriff's Department [Hannawalt Decl., Ex. A, SAC ¶¶ 4,5].  The SAC does not allege that these defendants have policy making authority.  In fact, Defendants have no policy making authority. Defendant Neu is no longer employed by the San Francisco Sheriff's Department. [Durkan Decl.] And Defendant Sanchez does not have policy making authority. [McConnell Decl.]

///
///
///
///
///
///
///
///
///

# CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motions for Summary Judgment and Partial Summary Judgment.

Dated: January 30, 2020

                            DENNIS J. HERRERA
                            City Attorney
                            MEREDITH B. OSBORN
                            Chief Trial Deputy
                            JAMES F. HANNAWALT
                            Deputy City Attorney

                     By: */s/ James F. Hannawalt*
                          JAMES F. HANNAWALT

                          Attorneys for Defendants
                          VICTOR SANCHEZ, SCOTT NEU

Defs' Ntc of Mtn and MSJ  
CASE NO. C14-5400 LB  
8  
n:\lit\li2018\160284\01424037.docx