Stanley Goff, Bar No. 289564
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD COLVIN,<br><br>    Plaintiff,<br><br>vs.<br><br>SAN FRANCISCO SHERIFF'S DEPT, et al.,<br><br>    Defendant. | Case No: 3:14-cv-05400<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Hearing Date: March 5, 2020<br>Time: 9:30 a.m.<br>Place: 450 Golden Gate Avenue San Francisco, CA 94102 |

**STATEMENT OF FACTS**

On February 21, 2014, while the Plaintiff was a pretrial detainee at the San Francisco County Jail (SFCJ), Defendants Sgt. Sanchez and Deputy Sheriff Neu transferred him to the jail facility where they worked in order to threaten and physically abuse him, which included the Plaintiff being placed in too-tight handcuffs, being strip searched for the sole purpose of demeaning the Plaintiff, the Plaintiff being punched in the stomach multiple times and once in the ribs and being labeled a "snitch" in order to place the Plaintiff in danger. (Declaration of Leonard Colvin paragraphs 1-4)

On March 3, 2014, Defendant Sanchez threatened and physically abused Plaintiff in retaliation for the grievances Plaintiff filed regarding the February 21, 2014 events, which included the Defendant threatening to beat up the Plaintiff, spitting in the Plaintiff's face multiple times. (Declaration of Leonard Colvin paragraphs 1-4)

**DEFENDANT SANCHEZ IS NOT ENTITLED TO SUMMARY JUDGMENT IN HIS FAVOR**

To bring an excessive force claim against his jailers, a pretrial detainee must prove that the force purposefully or knowingly used against him was objectively unreasonable. (*Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015).) The reasonableness of the force must be judged "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id*. The 'legitimate interests that stem from the government's need to manage the facility in which the individual is detained,' and the need to preserve internal order and discipline and to maintain institutional security also have to be considered. *Id.; (Bell v. Wolfish*, 441 U.S. 520, 540 (1979).)

Factors that must be considered are the relationship between the need for the use of force and the amount of force used; the extent of the Plaintiffs injury; efforts made by the officer to temper or to limit the amount of force; severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the Plaintiff was actively resisting. *Id.*

Here, in the instant case, although Defendant Sanchez did not punch the Plaintiff, he did intentionally spit in the Plaintiff's face multiple times during the March 3, 2014 incident. (Defendants' Exhibit C, Deposition of Leonard Colvin pg. 121 lines 7-9) and purposely placed handcuffs on the Plaintiff and intentionally squeezed them super tight to cause the Plaintiff pain. (Defendants' Exhibit C, Deposition of Leonard Colvin pg. 121 lines 3-7) These material facts are not in dispute by the Defendants in their instant motion. The conduct of Defendant Sanchez deliberately spitting in the Plaintiff's face not once, twice but nine times, served no legitimate penological interests regarding managing the San Francisco jail or to preserve internal order and discipline and to maintain institutional security.

Further, the Defendant's conduct was in fact maliciously and sadistically used for the very purpose of causing harm to the Plaintiff because no penological purpose existed to justify the Defendants' conduct.

Thus, the Defendants' conduct (either as the principal or integral participant) was a violation of the Plaintiff's civil rights under the Fourteenth Amendment.

### *The First Amendment Retaliation Claim Against Sanchez Is Sufficiently Pled*

Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so. (*Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).)

A retaliation claim has five elements. *Id*. First, the plaintiff must allege that the retaliated-against conduct is protected. The filing of an inmate grievance is protected conduct. (*Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).)  Second, the plaintiff must claim the defendant took adverse action against the plaintiff. *Id*. at 567. The adverse action need not be an independent constitutional violation. (*Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).)  [T]he mere *threat* of harm can be an adverse action . . . ." *Brodheim*, 584 F.3d at 1270. Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct.

Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) *See Pratt*, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); *Murphy v. Lane*, 833 F.2d 106, 108-09 (7th Cir. 1987).

Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." (*Robinson*, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill

the plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage.

Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution . . . ." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, *id.*, or that they were "unnecessary to the maintenance of order in the institution," *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984).

***Retaliated-Against Conduct Is Protected***

The filing of an inmate grievance is protected conduct. (*Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).) Here, the Plaintiff engaged in protected activity because he filed a grievance regarding the February 21, 2014 events. (Declaration of Leonard Colvin paragraphs 1-4)

Therefore, this element has been met.

***Adverse Action Was Taken Against The Plaintiff***

The adverse action need not be an independent constitutional violation. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).  [T]he mere *threat* of harm can be an adverse action . . . ." *Brodheim*, 584 F.3d at 1270. Here, adverse action was taken by the Defendant in retaliation of the Plaintiff filing his grievance, because Defendant Sanchez threatened to beat up the Plaintiff, spit in the Plaintiff's face multiple times and intentionally placed him in overly tight handcuffs. (Defendants' Exhibit C, Deposition of Leonard Colvin pg. 121 lines 7-9);( Defendants' Exhibit C, Deposition of Leonard Colvin pg. 121 lines 3-7)

Thus, this element has been met.

***There Was A Causal Connection Between The Defendants Adverse Actions And The Plaintiff's Protected Conduct***

Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012); *See Pratt*, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); *Murphy v. Lane*, 833 F.2d 106, 108-09 (7th Cir. 1987).

Here, there was chronology of events alleged from which retaliation can be inferred because the operative complaint states that the Plaintiff was threatened with physical harm, spit on multiple times and placed in overly tight handcuffs in retaliation for him filing a grievance regarding Defendant Sanchez and Neu abusive treatment of the Plaintiff February 21, 2014. (Declaration of Leonard Colvin paragraphs 1-4) (Defendants' Exhibit C, Deposition of Leonard Colvin pg. 121 lines 7-9) (Defendants' Exhibit C, Deposition of Leonard Colvin pg. 121 lines 3-7)

Thus, this element has been met.

***The Defendants' Conduct Had A Chilling Effect***

A plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Robinson*, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than

minimal," *Robinson*, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage.

Here, the Defendant's conduct of spitting in the Plaintiff 's face nine times and placing him in overly tight handcuffs in retaliation for filing a grievance regarding the February 21, 2014 events had a chilling effect because a person of ordinary firmness would have been intimated into not filing a grievance against a sheriffs deputy out of fear of being targeted like the Plaintiff was.

Further, even if the Court finds that the Plaintiff failed to allege a chilling effect, the fact that he suffered severe injuries that were "more than minimal," indicates that he suffered some other harm that satisfies this element. *Brodheim*, 584 F.3d at 1269; *Robinson*, 408 F.3d at 568 n.11.  Thus, this element has been met.

### *The Defendants' Conduct Did Not Advance A Legitimate Purpose*

A plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution . . . ." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, *id*., or that they were "unnecessary to the maintenance of order in the institution," *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984).

Here, the Defendants conduct of spitting in the Plaintiff's face multiple times and deliberately placing him in tight handcuffs to cause him pain in retaliation for the grievances Plaintiff filed regarding the February 21, 2014 events did not advance any legitimate penalogical purpose. (Declaration of Leonard Colvin paragraphs 1-4)

Thus, the Defendants' actions were arbitrary and capricious and did not advanced a legitimate purpose. This factor weighs in favor of the Plaintiff.

Therefore, the Defendants are liable for retaliation.

**Plaintiff Is Entitled To Damages For Mental Or Emotional Distress From Defendant Neu**

The United States Supreme Court as well as the Ninth Circuit have held that the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. (*Hudson v. McMillian* 503 U.S. 1, **2** (1992)); *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002)(Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries))." In the excessive force context, such standards always are violated when prison officials maliciously and sadistically use force to cause harm, whether or not significant injury is evident. (*Hudson v. McMillian* 503 U.S. 1, **2** (1992))

Here, the force used by Deputy Neu (punching the Plaintiff in his stomach on February 21, 2014) was more than *de minimis* because his conduct was sadistic and malicious in that it was used to instill fear and terrorize the Plaintiff. (Declaration of Leonard Colvin paragraphs 1-4) Therefore, the Plaintiff can recover damages for emotional distress under the PLRA.

**THE PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF**

**Plaintiff injunctive relief claim is being dismissed.**

## CONCLUSION

Based on the above-stated case law and facts, the Defendant's motion for summary judgment should be denied in its entirety.

Dated: February 13, 2020

/S/ STANLEY GOFF

Stanley Goff
Attorney for Plaintiff